**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NIL LEO,

    Plaintiff,

vs.

NEVADA DIVISION OF PAROLE AND PROBATION; *et.al.*,

    Defendants.

Case No. 2:16–cv–2492–JAD–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

 Before the court are Leo's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Leo's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Leo's complaint be dismissed with leave to amend.

**I. Discussion**

 Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

1. Leo May Proceed *In Forma Pauperis*

 Leo's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Leo submitted a financial affidavit. (ECF No. 1). According to the affidavit, Leo is unemployed and earns less than $1,500 per month. Leo's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Leo's application to proceed *in forma pauperis*, it must review Leo's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Leo's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Leo alleges that his due process rights were violated when he was misclassified as a Tier 3 sex offender. (ECF No. 1-1)  Leo maintains he is a Tier 1 sex offender. (*Id.*)  Due to the restrictions placed on Tier 3 sex offenders, Leo was unable to live in the Las Vegas area. (*Id.*)  He was forced to move to Reno, where he had no family support. (*Id.*)  Leo alleges that had he been properly classified as a Tier 1 sex offender he would have been able to live with his parents in Las Vegas. (*Id.*)

"To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest that is deeply rooted in this Nation's history and tradition." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006).  "[T]he general right to enjoy one's property or home is not a fundamental right for purposes of substantive due process analysis." *DeGroote v. City of Mesa*, Nos. CV 07-1969-PHX-MHM, CV 07-2123-PHX-LOA, 2009 WL 485458 at *4 (D.Az. Feb. 26, 2009).  "Nor is there a fundamental right to work or to pursue a livelihood." *Id.*

The denial of his choice of residence does not implicate a fundamental right. *See id.*

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Leo's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Leo's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

      IT IS SO ORDERED and RECOMMENDED.

      DATED this 6th day of January, 2017.

      _____

      CAM FERENBACH
      UNITED STATES MAGISTRATE JUDGE